**Saranjit SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 04–73837, 06–74603.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Saranjit Singh, Bakersfield, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: THOMAS, W. FLETCHER, and CLIFTON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Saranjit Singh, a native and citizen of India, petitions for review the Board of Immigration Appeals' (BIA) order summarily affirming an Immigration Judge's (IJ) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) (No. 04–73837); and the BIA's denial of his motions to reopen and reconsider (No. 06–74603). In No. 04–73837 we deny the petition for review. In No. 06–74603 we deny in part and dismiss in part the petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the IJ's decision denying Singh's application for asylum, withholding of removal, and CAT relief, and the BIA's August 23, 2006, order denying Singh's third motion to reopen and reconsider. We review for substantial evidence the IJ's adverse credibility determination, see Rivera v. Mukasey, 508 F.3d 1271, 1274 (9th Cir.2007), and we review for an abuse of discretion the BIA's denial of a motion to reopen or reconsider. See Cano–Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002).

Substantial evidence supports the IJ's adverse credibility finding because the IJ provided specific, cogent reasons for the finding that bear a legitimate nexus to that finding and go to the heart of Singh's asylum claim. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003); Sarvia–Quintanilla v. INS, 767 F.2d 1387, 1393 (9th Cir.1985) (ruling that when petitioner has demonstrated a history of dishonesty, his testimony may be given "very little weight"). Accordingly, Singh's asylum and withholding of removal claims fail. See Farah, 348 F.3d at 1156–57.

■ Because Singh's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence in the record that would compel a finding that it would be more likely than not that he would be tortured if returned to India, substantial evidence supports the IJ's denial of CAT relief. *See id.* at 1157.

■ The BIA did not abuse its discretion in denying Singh's third motion to reopen and reconsider. The motion was untimely and number-barred, and Singh did not demonstrate that he fell within an exception to the numerical or time limits. *See* 8 C.F.R. § 1003.2(b)(2), (c)(2), (c)(3). Singh is not entitled to equitable tolling of the time and number limits because he failed to demonstrate that he exercised due diligence. *Cf. Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (recognizing equitable tolling applies during periods when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner exercised due diligence).

■ We lack jurisdiction to review the BIA's November 15, 2004, order denying Singh's first motion to reopen and reconsider, and the BIA's September 2, 2005, order denying Singh's second motion to reopen because Singh did not timely file petitions for review of those orders. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam). Accordingly, the contentions relating to those orders are dismissed.

■ Finally, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

No. 04–73837: PETITION FOR REVIEW DENIED.

No. 06–74603: PETITION FOR REVIEW DENIED in part; DISMISSED in part.